UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PERFICIENT, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:24-cv-00717-SRC |
| ) | |
| CRUSHBANK TECHNOLOGY, INC., ) | |
| ) | |
| Defendant. ) | |

### Memorandum and Order

On May 22, 2024, Perficient, Inc. sued Crushbank Technology, Inc. in this Court, asserting that the Court has jurisdiction under 28 U.S.C. § 1332. Crushbank has moved under Federal Rule of Civil Procedure 12(b)(1) to dismiss Perficient's complaint because the parties allegedly are not completely diverse. Upon review of the parties' briefing and Perficient's complaint, the Court finds that it lacks subject-matter jurisdiction over this case.

### I.  Background

In its complaint, Perficient alleges the following facts. Perficient and Crushbank entered into a contract on January 1, 2023, which required Perficient to provide professional consulting services to Crushbank. Doc. 1 at ¶ 6. Those services included "computer programming, software design, and development, installation, training, deployment, implementation, software as a service, and digital marketing." *Id.* (citation omitted). The contract allowed Crushbank "to submit requests for work to Perficient." *Id.* at ¶ 7. After reviewing and accepting the work request, Perficient would submit a statement of work that describes the "specific services and/or deliverables to be provided by Perficient under the Contract and the applicable" statement of work. *Id.* (citation omitted).

On January 1, 2023, Perficient and Crushbank executed a statement of work. *Id.* at ¶ 8. This statement of work required Perficient to provide 15,552 hours of professional consulting services to Crushbank throughout 2023 and required Crushbank to pay $1,829,537.28 for those services. *Id.* at ¶ 9. Perficient provided those services and then invoiced Crushbank, which failed to pay the total amount due. *Id.* at ¶¶ 10–12.

Perficient now claims that Crushbank breached their contract and was unjustly enriched. *Id.* at ¶¶ 16–25. As exhibits to its complaint, Perficient submitted a copy of the original contract, doc.1-1, a copy of the statement of work, doc. 1-2, and a copy of the final notice Perficient sent to Crushbank about the money Crushbank owes, doc. 1-3.

## II.    Standard

Under Rule 12(b)(1), a party may move to dismiss for lack of subject-matter jurisdiction. The plaintiff bears the burden of establishing that subject-matter jurisdiction exists. *Herden v. United States*, 726 F.3d 1042, 1046 (8th Cir. 2013) (en banc). "Because of the 'unique nature of the jurisdictional question,' it is the court's duty to 'decide the jurisdictional issue, not simply rule that there is or is not enough evidence to have a trial on the issue.'" *Buckler v. United States*, 919 F.3d 1038, 1044 (8th Cir. 2019) (quoting *Osborn v. United States*, 918 F.2d 724, 729–30 (8th Cir. 1990)). "[T]he district court must distinguish between a facial attack—where it looks only to the face of the pleadings—and a factual attack—where it may consider matters outside the pleadings." *Croyle v. United States*, 908 F.3d 377, 380 (8th Cir. 2018) (citing *Osborn*, 918 F.2d at 729 n.6).

Where, as here, a party brings a factual attack, "the court considers matters outside the pleadings, and the non-moving party does not have the benefit of 12(b)(6) safeguards." *Davis v. Anthony, Inc.*, 886 F.3d 674, 679 (8th Cir. 2018) (quoting *Osborn*, 918 F.2d at 729 n.6). "[T]he

court may receive evidence via 'any rational mode of inquiry,' and the parties may 'request an evidentiary hearing.'" *Buckler*, 919 F.3d at 1044 (quoting *Osborn*, 918 F.2d at 730). "[T]he party invoking federal jurisdiction must prove jurisdictional facts by a preponderance of the evidence." *Moss v. United States*, 895 F.3d 1091, 1097 (8th Cir. 2018) (citing *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 347 (8th Cir. 2007)).

"[T]he court must rule upon 'the jurisdictional issue [unless it] is "so bound up with the merits that a full trial on the merits may be necessary to resolve the issue."'" *Buckler*, 919 F.3d at 1044 (second alteration in original) (quoting *Osborn*, 918 F.2d at 730). "If the jurisdictional issue is 'bound up' with the merits it remains within the district court's discretion to decide whether to evaluate the evidence under the summary judgment standard." *Moss*, 895 F.3d at 1097 (citing *Gulf Oil Corp. v. Copp Paving Co.*, 419 U.S. 186, 203 n.19 (1974)). In sum, the Court may do the following on a factual attack: (1) consider evidence outside the pleadings, such as affidavits or other documents; (2) hold an evidentiary hearing; (3) evaluate the evidence under the summary-judgment standard; or even (4) proceed to a full trial. *See id.*; *Buckler*, 919 F.3d at 1044. As discussed below, the Court decides this motion by considering evidence outside the pleadings.

**III.   Discussion**

Perficient filed this suit alleging that the Court has subject-matter jurisdiction under section 1332. Doc. 1 at ¶ 3. Under section 1332, the Court has subject-matter jurisdiction when the amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are citizens of different states. 28 U.S.C. § 1332(a)(1). Section 1332 further provides that a corporation is a citizen of every state where it has been incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

3

Crushbank has filed a motion to dismiss claiming that, because Perficient and Crushbank are both incorporated in Delaware, the parties are not completely diverse. Docs. 14–15. In support, Crushbank provided, among other exhibits, an affidavit stating that Crushbank has been incorporated in Delaware since February 2020, doc. 15-1 at ¶ 3, and a screenshot of a listing for Crushbank on the Delaware Division of Corporations's website (which states that Crushbank was incorporated in February 2020), *id.* at 5. In its response to Crushbank's motion, "Perficient concedes that Defendant, like Perficient, is formed under the laws of the State of Delaware" and that the parties are not citizens of different states under section 1332. *See* doc. 16 at 1.

The Court agrees with the parties that they are not citizens of different states. The parties do not dispute that Perficient is incorporated in Delaware and has its principal place of business in Missouri. Doc. 1 at ¶ 1; docs. 14–15. Based on the affidavit and other exhibits that Crushbank filed, Crushbank was, at the time Perficient filed this case, incorporated in Delaware and had its principal place of business in New York. Doc. 15-1 at ¶ 3. Because the parties are both incorporated in Delaware, they are not citizens of different states.

Perficient "further concedes, under normal circumstances, this Court would not have diversity of citizenship subject[-]matter jurisdiction pursuant to 28 U.S.C. § 1332(a)." Doc. 16 at 1. Perficient, however, claims that these are not normal circustances. *Id.* In its view, the Court may consider New York as Crushbank's place of incorporation because the original contract between Perficient and Crushbank states that Crushbank is incorporated in New York. Doc. 16 at 1–3. Although Perficient is correct that the original contract states that Crushbank was formed in New York, doc. 1-1 at 1, Perficient has failed to persuade the Court that it can ignore clear evidence (including its own concession) that Crushbank was incorporated in Delaware when Perficient filed this case.

4

Perficient cites three cases that allegedly allow the Court to consider New York as Crushbank's place of incorporation for purposes of this case. Doc. 16 at 2. In each case, the court relied on a contract to establish a party's citizenship when the parties provided no other evidence of citizenship. *Cassi v. Gen. Motors, LLC*, No. 2:23-cv-01801 WBS JDP, 2023 WL 7168348, at *1 (E.D. Cal. Oct. 31, 2023); *Salazar v. Ford Motor Co.*, Case No. 2:21-cv-06756-FLA (JPRx), 2022 WL 16855563, at *4–5 (C.D. Cal. Nov. 10, 2022); *El-Said v. BMW of N. Am., LLC*, Case No. 8:19-cv-02426-JLS-JDE, 2020 WL 1187171, at *3 (C.D. Cal. Mar. 11, 2020). Here, however, Crushbank has disputed Perficient's reliance on the contract to establish Crushbank's place of incorporation by providing clear evidence that Crushbank was incorporated in Delaware when Perficient filed this case, rendering those cases inapposite. Doc. 15-1. Thus, the Court holds that the Court lacks subject-matter jurisdiction under section 1332 because the parties are citizens of the same state.

Finally, Perficient argues that "[i]f this Court does not exercise subject[-]matter jurisdiction in this case, the circumstances dictate this matter should be remanded to the Circuit Court of St. Louis County." Doc. 16 at 3. The Court disagrees. Perficient originally filed this case in federal court, not state court. Doc. 1. Under these circumstances, the proper disposition of this case is dismissal for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); 28 U.S.C. § 1447 (requiring the Court to remand a case to state court for lack of subject-matter jurisdiciton when the case originated in state court).

**IV.    Conclusion**

For the reasons explained above, the Court grants Crushbank's [14] Motion to Dismiss

5

Plaintiff's Complaint and dismisses this case without prejudice.

So ordered this 23rd day of August 2024.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE